FILED
MAR 13 2012
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| HAROLD GEORGE VOICE, | Civ. 12-3004-KES |
| Petitioner, | |
| vs. | ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, Harold George Voice, filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Voice is incarcerated at the Glory House in Sioux Falls, South Dakota. After a jury trial, Voice was convicted of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). CR. 08-30101. Voice was represented by Edward Albright of the Federal Public Defenders' Office. In his motion, Voice asserts that his attorney was ineffective for failing to call Sioux Falls Police Detective Ron Harris as a witness, that his attorney was ineffective in failing to object to a ten-year term of supervised release, and that Voice's conviction violates the due process clause and the non-delegation doctrine. This court ordered respondent, the United States of America, to prepare and file a response to Voice's petition on February 7, 2012. Docket 3.

The United States now moves for an order directing defense counsel to respond to Voice's claims of ineffective assistance of counsel. Docket 4. The Federal Public Defender filed a response to the United States' motion indicating that, due to ethical constraints, "Voice's former counsel will communicate matters discussed during the attorney-client relationship only if, and in the manner and to the extent the Court directs." Docket 5. The United States also asks for an extension of time to file its response to Voice's § 2255 motion.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client. The American Bar Association has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised proceedings."

ABA Comm. on Eth. and Prof'l Responsibility, Form al Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Voice's 28 U.S.C. § 2255. motion, this court has determined that the United States cannot respond to the allegations of ineffective assistance of counsel without Mr. Albright responding by affidavit to the specific allegations in the motion concerning his representation of Voice. The court has further determined that if Voice opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his § 2255 motion, those allegations will be stricken from his § 2255 motion. Accordingly, it is

ORDERED that the clerk of court will send this order and the attached Attorney-Client Privilege Waiver form to Voice.

IT IS FURTHER ORDERED that if the Attorney-Client Privilege Waiver form is not signed and returned to this court within 30 days, the allegations of ineffective assistance of counsel will be stricken from Voice's motion under 28 U.S.C. § 2255.

IT IS FURTHER ORDERED that the United States' motion for an order directing defense counsel to respond and for an extension of time (Docket 4) is denied in part, and granted in part. The United States' motion for an order directing defense counsel to respond is denied, but its motion for an extension of time is granted (Docket 6). The United States will have 14 days

after defense counsel files a responsive affidavit (if Voice signs and returns the Attorney-Client Privilege Waiver) to respond. If Voice does not sign and return the Attorney-Client Privilege Waiver, the United States will respond to the remaining grounds in his motion within 14 days of the expiration of the 30-day period for returning the waiver.

Dated March 13, 2012.

BY THE COURT:

*Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE